**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1237

ALI SEDAGHATPOUR,

Plaintiff - Appellant,

v.

LEMONADE INSURANCE COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Retired District Judge.  (1:22-cv-00355-TSE-JFA)

Submitted:  August 30, 2024                    Decided:  October 24, 2024

Before NIEMEYER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ali Sedaghatpour, Appellant Pro Se.  Eric T. Frye, CIPRIANI & WERNER PC, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ali Sedaghatpour appeals the district court's order dismissing his amended complaint, in which he alleged that Lemonade Insurance Company breached a homeowner's insurance policy related to his loss of cryptocurrency. We have reviewed the record and find no reversible error.

Even if we assume that the district court erred by concluding that the policy provided no coverage at all for the loss of intangible property, "[o]ur review is not limited to the grounds the district court relied upon, and we may affirm on any basis fairly supported by the record." *Lawson v. Union Cnty. Clerk of Ct.*, 828 F.3d 239, 247 (4th Cir. 2016) (cleaned up).

Section I(B) of the policy provides coverage for the "direct physical loss" of covered personal property. Because the digital theft of digital currency does not amount to a "direct physical loss," *see Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*, 95 F.4th 181, 190 (4th Cir. 2024) (explaining that under Virginia law, the term "direct physical loss" "requires present or impending material destruction or material harm"), no coverage for Sedaghatpour's loss of cryptocurrency is available under that section. The policy, however, provides as "additional insurance" up to $500 in coverage for losses "resulting from theft or unauthorized use of an electronic fund transfer card or access device used for deposit, withdrawal or transfer of funds, issued to or registered in an insured's name." E.R. 229. Because Appellee has already satisfied its obligation under that portion of the policy, Sedaghatpour has no breach of contract claim against Appellee, and the district court properly dismissed the action. Accordingly, we affirm the district court's order.

2

*Sedaghatpour v. Lemonade Ins. Co.*, No. 1:22-cv-00355-TSE-JFA (E.D. Va. Feb. 6, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*